KILPATRICK TOWNSEND & STOCKTON LLP

KRISTOPHER L. REED (State Bar No. 235518)
kreed@kilpatricktownsend.com
ZOE P. STENDARA (*pro hac vice* to be filed)
zstendara@kilpatricktownsend.com
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: 214 922 7100

APRIL E. ISAACSON (State Bar No. 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415 576 0200

KEVIN M. BELL (*pro hac vice* to be filed)
kbell@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MACNEILL ENGINEERING COMPANY, INC., <br><br> Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> Civil Action No. **'23CV1431 GPC JLB** <br><br> JURY TRIAL DEMANDED |

Plaintiff BOA Technology Inc. ("BOA") brings this action for patent infringement against MacNeill Engineering Company, Inc., and for its Complaint alleges as follows:

//

//

## THE PARTIES

1. BOA is a Delaware corporation with its principal place of business at 3575 Ringsby Court, Suite 200, Denver, CO 80216.

2. On information and belief, MacNeill Engineering Company, Inc. ("MacNeill") is a Massachusetts corporation with its principal place of business at 5927 Balfour Court, Suite 114, Carlsbad, CA 92008. MacNeill can be served through its registered agent, CT Corporation, at 155 Federal Street, Boston, MA 02110.

3. On information and belief, MacNeill uses, sells, and offers to sell in the United States, and imports into the United States, reel-based closure systems that infringe one or more claims of U.S. Patent Nos. 11,633,020, 10,772,388, 10,362,836, and 9,770,070 ("the Asserted Patents"). Such infringing reel-based closure systems are hereinafter referred to as the "Accused Products."

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a). BOA has filed this lawsuit to respond to MacNeill's unlawful infringement of BOA's patented inventions and to obtain damages and other relief.

5. The Court has personal jurisdiction over MacNeill because its principal place of business is located in the Southern District of California, and, on information and belief, MacNeill has regularly and systematically transacted business in this District, directly or through intermediaries, and/or committed acts of infringement in this District, including but not limited to, selling, offering to sell, importing, and or using infringing products. On information and belief, MacNeill has also placed infringing products into the stream of commerce by shipping those products from or into this District or knowing that such products would be shipped from or into this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(b), as MacNeill has committed acts of infringement in this District and has a regular and established place of business in this District at 5927 Balfour Court, Suite 114, Carlsbad, CA 92008.

**FACTUAL BACKGROUND**

7. BOA started doing business in 2001, and was founded by Gary Hammerslag, a snowboarder, surfer, and entrepreneur. Mr. Hammerslag envisioned a possibility to dramatically improve the fit and performance of snowboard lacing systems by applying elements of his learnings in the medical device field and an intuitive understanding of the possibilities for improving performance in his boots.

8. After numerous prototypes and tests, the BOA Fit System was created to allow for micro-adjustable, precision fit that would ultimately revolutionize industries ranging from snowboarding to medical bracing.

9. BOA attracted its first two brand partners, K2 and Vans, and launched the first BOA-powered snowboard boots to consumers in 2001. Today, BOA has over 300 brand partners and the BOA Fit System is used in millions of boots, helmets, shoes, and other performance products around the world.

10. BOA is now the world leader in reel- and dial-based closure systems. BOA continues to innovate in this field, and obtain robust patent protection for its novel advancements.

**A.   U.S. Patent No. 11,633,020**

11. United States Patent No. 11,633,020 ("the '020 Patent") is entitled "Integrated Closure Device Components and Methods." The '020 Patent issued April 25, 2023, and names Robert E. Burns, Randon Kruse, and Thomas Pollack as the inventors. The '020 Patent issued from United States Patent Application No. 17/450,263, filed on October 7, 2021.

12. BOA is the sole owner by assignment of all right, title, and interest in the '020 Patent. BOA has standing to assert the claims in this Complaint.

13. A true and correct copy of the '020 Patent is attached as Exhibit 1.

14. The '020 patent is presumed valid under 35 U.S.C. § 282(a).

15. The '020 Patent generally related to a novel lace tensioning device for various articles, such as shoes, braces, medical devices, and other apparel.

16. Figure 1 of the '020 Patent, is shown on the left below, and Figures 12A and 12O of the '020 Patent are shown on the right below:

  

**B.   U.S. Patent No. 10,772,388**

17. United States Patent No. 10,772,388 ("the '388 Patent") is entitled "Integrated Closure Device Components and Methods."  The '388 Patent issued September 15, 2020, and names Robert E. Burns, Randon Kruse, and Thomas Pollack as the inventors.  The '388 Patent issued from United States Patent Application No. 16/103,761, filed on August 14, 2018.

18. BOA is the sole owner by assignment of all right, title, and interest in the '388 Patent.  BOA has standing to assert the claims in this Complaint.

19. A true and correct copy of the '388 Patent is attached as Exhibit 2.

20. The '388 patent is presumed valid under 35 U.S.C. § 282(a).

21. The '388 Patent generally related to a novel closure device for various articles, such as shoes, braces, medical devices, and other apparel.

22. Figure 1 of the '388 Patent, is shown on the left below, and Figure 12A of the '388 Patent is shown on the right below:

 

**C.    U.S. Patent No. 10,362,836**

23. United States Patent No. 10,362,836 ("the '836 Patent") is entitled "Reel Based Closure System." The '836 Patent issued July 30, 2019, and names Gary Hammerslag, Michael Mayberry, and Mark Soderberg as the inventors. The '836 Patent issued from United States Patent Application No. 15/687,299, filed on August 25, 2017.

24. BOA is the sole owner by assignment of all right, title, and interest in the '836 Patent. BOA has standing to assert the claims in this Complaint.

25. A true and correct copy of the '836 Patent is attached as Exhibit 3.

26. The '836 patent is presumed valid under 35 U.S.C. § 282(a).

27. The '836 Patent generally related to a novel closure system used in a variety of applications that allows a user to quickly loosen a lace and inhibits unintentional loosing of a lace.

//

//

COMPLAINT FOR PATENT INFRINGEMENT                                                                                              5

28. Figure 53 of the '836 Patent is shown below:



### D. U.S. Patent No. 9,770,070

29. United States Patent No. 9,770,070 ("the '070 Patent") is entitled "Integrated Closure Device Components and Methods." The '070 Patent issued September 26, 2017, and names Jesse Cotterman, Eric Irwin, Randon Kruse, William O'Dell, and Thomas Pollack as the inventors. The '070 Patent issued from United States Patent Application No. 14/297,047, filed on June 5, 2014.

30. BOA is the sole owner by assignment of all right, title, and interest in the '070 Patent. BOA has standing to assert the claims in this Complaint.

31. A true and correct copy of the '070 Patent is attached as Exhibit 4.

32. The '070 patent is presumed valid under 35 U.S.C. § 282(a).

33. The '070 Patent generally relates to a novel closure device for various articles, such as shoes, braces, medical devices, and other apparel.

34. Figure 1 of the '070 Patent is shown on the left below, and Figure 12O of the '070 Patent is shown on the right below:

//
//
//
//
//
//
//




## MACNEILL ACCUSED PRODUCTS

35. On information and belief, MacNeill has sold and/or offered to sell products in the United States that infringe on the Asserted Patents. The Accused Products, include but are not limited to the lace tensioning and closure devices used with various footwear, including but not limited to the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Skechers Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes.  Exemplary pictures of shoes incorporating the Accused Products are shown below:

Puma ALPHACAT NITRO Disc Spikeless Golf Shoes



COMPLAINT FOR PATENT INFRINGEMENT                                    7

| | |
|---|---|
| Skechers Slip-ins: GO GOLF Elite 5 |  |
| Skechers GO GOLF Torque – Twist |  |
| Skechers Twist-Fit: GO RUN Pulse – Twisted |  |
| Skechers Twist-Fit: Vector-Matrix |  |

36. MacNeill advertises its infringing "fast twist closure system" on its website: https://macneillengineering.com/closure-systems. On information and belief, MacNeill uses, sells and offers to sell these and other Accused Products in the

COMPLAINT FOR PATENT INFRINGEMENT                                                                                           8

United States.

37. On May 26, 2023, BOA sent an affiliated company of MacNeill (Pride Manufacturing Company, LLC) a letter informing them that MacNeill's Accused Products infringe the Asserted Patents. The letter requested the cessation of all infringement of the Asserted Patents, and requested written assurance of the cessation of all manufacture, distribution, offer for sale, sell, or importation of the Accused Products. The letter also requested an accounting of the number of Accused Products sold to date. On June 14, 2023, BOA's counsel sent an email to MacNeill's counsel, again demanding that MacNeill (and all other companies within the MacNeill Pride Group involved in the provision of Accused Products) immediately cease all infringing activities.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,633,020

38. BOA hereby incorporates the allegations of Paragraphs 1 through 37 as fully set forth herein.

39. On information and belief, MacNeill has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) at least claims 1-5, 11-15, 18-20, 23-24, and 26-27 of the '020 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, including but not limited to the reel-based fit systems used in the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes. On information and belief, and as seen in the example of a MacNeill closure system used in a Skecher shoe shown in the claim chart attached as Exhibit 5 to this Complaint, the Accused Products meet every limitation of at least claims 1-5, 11-15, 18-20, 23-24, and 26-27 of the '020 Patent.

40. On information and belief, MacNeill has induced infringement of the '020 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing

others to directly infringe the '020 Patent. Despite having notice of the '020 Patent, MacNeill has actively encouraged others to infringe the patent. For example, upon information and belief, MacNeill has knowingly and intentionally induced third-party shoe companies including but not limited to Puma and Skechers to infringe (literally and/or under the doctrine of equivalents) the '020 Patent by importing into the United States, using, and/or selling and offering to sell in the United States products containing infringing MacNeill closure systems. MacNeill's Accused Products are specially designed to contain features that infringe the '020 Patent and the Accused Products have no substantial uses other than ones that infringe the '020 Patent. Upon information and belief, Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell products containing closure systems displays that infringe at least claims 1-5, 11-15, 18-20, 23-24, and 26-27 of the '020 Patent. Upon information and belief, such steps by MacNeill include, among other things, making or selling the Accused Products, including closure systems used in Puma and Skechers shoes, for importation into or sale in the United States, knowing that such importation or sale would occur. MacNeill has engaged in these activities with knowledge of the '020 Patent and knowledge that the induced acts constitute infringement. MacNeill's inducement of infringement of the '020 Patent is ongoing.

41. On information and belief, MacNeill has also contributorily infringed the '020 Patent under 35 U.S.C. § 271(c) through its supply of the Accused Products to customers that incorporate those closure systems into other products, including the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes. The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '020 Patent. MacNeill has engaged in these

activities despite having notice of the '020 Patent, and the closure systems that MacNeill has sold and/or provided to customers embody a material part of the claimed invention of at least claims 1-5, 11-15, 18-20, 23-24, and 26-27 of the '020 Patent. Defendants' contributory infringement of the '020 Patent is ongoing.

42. MacNeill's infringement has been, and continues to be, willful. For example, MacNeill has been on notice of the '020 Patent and its infringement of the '020 Patent since at least the receipt of BOA's May 26, 2023 letter and the follow-up email from BOA's counsel to MacNeill's counsel on June 14, 2023, and yet has continued its infringing activities.

43. BOA has suffered, and will continue to suffer, irreparable harm as a result of MacNeill's infringement of the '020 Patent for which there is no adequate remedy at law, unless MacNeill's infringement is enjoined by this Court. Accordingly, BOA seeks a permanent injunction enjoining MacNeill from making, using, selling (including for importation), offering to sell (including for importation), and/or importing the Accused Products, and/or otherwise infringing, or inducing or contributing to the infringement of, the '020 Patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,772,388

44. BOA hereby incorporates the allegations of Paragraphs 1 through 43 as fully set forth herein.

45. On information and belief, MacNeill has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) at least claims 11 and 15 of the '388 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, including but not limited to the reel-based fit systems used in the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes. On information and belief, and as seen in the example of a MacNeill closure system used in a Skecher shoe shown in the claim chart attached as Exhibit 6 to this

COMPLAINT FOR PATENT INFRINGEMENT                                                                11

Complaint, the Accused Products meet every limitation of at least claims 11 and 15 of the '388 Patent.

46. On information and belief, MacNeill has induced infringement of the '388 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '388 Patent. Despite having notice of the '388 Patent, MacNeill has actively encouraged others to infringe the patent. For example, upon information and belief, MacNeill has knowingly and intentionally induced third-party shoe companies including but not limited to Puma and Skechers to infringe (literally and/or under the doctrine of equivalents) the '388 Patent by importing into the United States, using, and/or selling and offering to sell in the United States products containing infringing MacNeill closure systems. MacNeill's Accused Products are specially designed to contain features that infringe the '388 Patent and the Accused Products have no substantial uses other than ones that infringe the '388 Patent. Upon information and belief, Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell products containing closure systems displays that infringe at least claims 11 and 15 of the '388 Patent. Upon information and belief, such steps by MacNeill include, among other things, making or selling the Accused Products, including closure systems used in Puma and Skechers shoes, for importation into or sale in the United States, knowing that such importation or sale would occur. MacNeill has engaged in these activities with knowledge of the '388 Patent and knowledge that the induced acts constitute infringement. MacNeill's inducement of infringement of the '388 Patent is ongoing.

47. On information and belief, MacNeill has also contributorily infringed the '388 Patent under 35 U.S.C. § 271(c) through its supply of the Accused Products to customers that incorporate those closure systems into other products, including the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN

Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes. The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '388 Patent. MacNeill has engaged in these activities despite having notice of the '388 Patent, and the closure systems that MacNeill has sold and/or provided to customers embody a material part of the claimed invention of at least claims 11 and 15 of the '388 Patent. Defendants' contributory infringement of the '388 Patent is ongoing.

48. MacNeill's infringement has been, and continues to be, willful. For example, MacNeill has been on notice of the '388 Patent and its infringement of the '388 Patent since at least the receipt of BOA's May 26, 2023 letter and the follow-up email from BOA's counsel to MacNeill's counsel on June 14, 2023, and yet has continued its infringing activities.

49. BOA has suffered, and will continue to suffer, irreparable harm as a result of MacNeill's infringement of the '388 Patent for which there is no adequate remedy at law, unless MacNeill's infringement is enjoined by this Court. Accordingly, BOA seeks a permanent injunction enjoining MacNeill from making, using, selling (including for importation), offering to sell (including for importation), and/or importing the Accused Products, and/or otherwise infringing, or inducing or contributing to the infringement of, the '388 Patent.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,362,836**

50. BOA hereby incorporates the allegations of Paragraphs 1 through 49 as fully set forth herein.

51. On information and belief, MacNeill has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) at least claims 8-12 of the '836 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, including but not limited to the reel-based fit systems used in the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist,

Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes. On information and belief, and as seen in the example of a MacNeill closure system used in a Skecher shoe shown in the claim chart attached as Exhibit 7 to this Complaint, the Accused Products meet every limitation of at least claims 8-12 of the '836 Patent.

52. On information and belief, MacNeill has induced infringement of the '836 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '836 Patent. Despite having notice of the '836 Patent, MacNeill has actively encouraged others to infringe the patent. For example, upon information and belief, MacNeill has knowingly and intentionally induced third-party shoe companies including but not limited to Puma and Skechers to infringe (literally and/or under the doctrine of equivalents) the '836 Patent by importing into the United States, using, and/or selling and offering to sell in the United States products containing infringing MacNeill closure systems. MacNeill's Accused Products are specially designed to contain features that infringe the '836 Patent and the Accused Products have no substantial uses other than ones that infringe the '836 Patent. Upon information and belief, Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell products containing closure systems displays that infringe at least claims 8-12 of the '836 Patent. Upon information and belief, such steps by MacNeill include, among other things, making or selling the Accused Products, including closure systems used in Puma and Skechers shoes, for importation into or sale in the United States, knowing that such importation or sale would occur. MacNeill has engaged in these activities with knowledge of the '836 Patent and knowledge that the induced acts constitute infringement. MacNeill's inducement of infringement of the '836 Patent is ongoing.

53. On information and belief, MacNeill has also contributorily infringed the '836 Patent under 35 U.S.C. § 271(c) through its supply of the Accused Products

to customers that incorporate those closure systems into other products, including the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes.  The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '836 Patent.  MacNeill has engaged in these activities despite having notice of the '836 Patent, and the closure systems that MacNeill has sold and/or provided to customers embody a material part of the claimed invention of at least claims 8-12 of the '836 Patent. Defendants' contributory infringement of the '836 Patent is ongoing.

54. MacNeill's infringement has been, and continues to be, willful.  For example, MacNeill has been on notice of the '836 Patent and its infringement of the '836 Patent since at least the receipt of BOA's May 26, 2023 letter and the follow-up email from BOA's counsel to MacNeill's counsel on June 14, 2023, and yet has continued its infringing activities.

55. BOA has suffered, and will continue to suffer, irreparable harm as a result of MacNeill's infringement of the '836 Patent for which there is no adequate remedy at law, unless MacNeill's infringement is enjoined by this Court. Accordingly, BOA seeks a permanent injunction enjoining MacNeill from making, using, selling (including for importation), offering to sell (including for importation), and/or importing the Accused Products, and/or otherwise infringing, or inducing or contributing to the infringement of, the '836 Patent.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,770,070

56. BOA hereby incorporates the allegations of Paragraphs 1 through 55 as fully set forth herein.

57. On information and belief, MacNeill has infringed and continues to directly infringe (literally and/or under the doctrine of equivalents) at least claims 1 and 4 of the '070 Patent by making, using, selling, offering for sale in, and/or

importing into the United States Accused Products, including but not limited to the reel-based fit systems used in the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes.  On information and belief, and as seen in the example of a MacNeill closure system used in a Skecher shoe shown in the claim chart attached as Exhibit 8 to this Complaint, the Accused Products meet every limitation of at least claims 1 and 4 of the '070 Patent.

58.   On information and belief, MacNeill has induced infringement of the '070 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '070 Patent.  Despite having notice of the '070 Patent, MacNeill has actively encouraged others to infringe the patent.  For example, upon information and belief, MacNeill has knowingly and intentionally induced third-party shoe companies including but not limited to Puma and Skechers to infringe (literally and/or under the doctrine of equivalents) the '070 Patent by importing into the United States, using, and/or selling and offering to sell in the United States products containing infringing MacNeill closure systems.  MacNeill's Accused Products are specially designed to contain features that infringe the '070 Patent and the Accused Products have no substantial uses other than ones that infringe the '070 Patent.  Upon information and belief, Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell products containing closure systems displays that infringe at least claims 1 and 4 of the '070 Patent.  Upon information and belief, such steps by MacNeill include, among other things, making or selling the Accused Products, including closure systems used in Puma and Skechers shoes, for importation into or sale in the United States, knowing that such importation or sale would occur.  MacNeill has engaged in these activities with knowledge of the '070 Patent and knowledge that the induced acts constitute

infringement. MacNeill's inducement of infringement of the '070 Patent is ongoing.

59. On information and belief, MacNeill has also contributorily infringed the '070 Patent under 35 U.S.C. § 271(c) through its supply of the Accused Products to customers that incorporate those closure systems into other products, including the Puma ALPHACAT NITRO Disc Spikeless Golf Shoes; and the Skechers Slip-ins: GO GOLF Elite 5, Skechers GO GOLF Torque – Twist, Twist-Fit: GO RUN Pulse – Twisted, and Skechers Twist-Fit: Vector Matrix shoes.  The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '070 Patent.  MacNeill has engaged in these activities despite having notice of the '070 Patent, and the closure systems that MacNeill has sold and/or provided to customers embody a material part of the claimed invention of at least claims 1 and 4 of the '070 Patent. Defendants' contributory infringement of the '070 Patent is ongoing.

60. MacNeill's infringement has been, and continues to be, willful.  For example, MacNeill has been on notice of the '070 Patent and its infringement of the '070 Patent since at least the receipt of BOA's May 26, 2023 letter and the follow-up email from BOA's counsel to MacNeill's counsel on June 14, 2023, and yet has continued its infringing activities.

61. BOA has suffered, and will continue to suffer, irreparable harm as a result of MacNeill's infringement of the '070 Patent for which there is no adequate remedy at law, unless MacNeill's infringement is enjoined by this Court. Accordingly, BOA seeks a permanent injunction enjoining MacNeill from making, using, selling (including for importation), offering to sell (including for importation), and/or importing the Accused Products, and/or otherwise infringing, or inducing or contributing to the infringement of, the '070 Patent.

//

//

//

# REQUEST FOR RELIEF

WHEREFORE, BOA prays for relief as follows:

A. A judgment that MacNeill has willfully infringed, directly or indirectly, each of the Asserted Patents;

B. Compensatory damages in an amount commensurate with MacNeill's infringement of the Asserted Patents, including without limitation lost profits and no less than a reasonable royalty;

C. Entry of a permanent injunction enjoining MacNeill from making, using, selling (including for importation), offering to sell (including for importation), and/or importing the Accused Products, and/or otherwise infringing, or inducing or contributing to the infringement of, any of the Asserted Patents;

D. Pre-judgment interest on all damages awarded to BOA;

E. Post-judgment interest on all sums awarded to BOA from the date of the judgment;

F. An award of treble damages pursuant to 35 U.S.C. § 284;

G. An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H. Any and all other relief that the Court deems just and equitable.

# JURY DEMAND

62. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BOA hereby demands a jury trial on all issues raised by this complaint.

//
//
//
//
//
//
//

DATED:  August 4, 2023          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: *Kristopher L. Reed*
KRISTOPHER L. REED (State Bar No. 235518)
kreed@kilpatricktownsend.com
ZOE P. STENDARA (*pro hac vice* to be filed)
zstendara@kilpatricktownsend.com
2001 Ross Avenue, Suite 4400
Dallas, TX  75201
Telephone: 214 922 7100

APRIL E. ISAACSON (State Bar No. 180638)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone:  415 576 0200

KEVIN M. BELL (*pro hac vice* to be filed)
kbell@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000

*Counsel for Plaintiff BOA Technology, Inc.*