UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOA TECHNOLOGY, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>MACNEILL ENGINEERING COMPANY, INC.,<br><br>         Defendants. | Case No.: 23-CV-01431-GPC-JLB<br><br>**ORDER GRANTING LEAVE TO AMEND THE COMPLAINT; ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF Nos. 18, 28]** |

Before the Court is Defendant MacNeill Engineering Company, Inc.'s ("MECI") Motion to Dismiss the Complaint, ECF No. 18, and Plaintiff Boa Technology, Inc.'s ("BOA") Motion for Leave to File First Amended Complaint, ECF No. 28. Both motions are opposed. ECF Nos. 29, 33. The Court finds the matter is appropriate for decision on the papers and hereby VACATES the hearing previously scheduled for March 1, 2024. The Court GRANTS BOA's motion to amend, and therefore DENIES without prejudice MECI's motion to dismiss as moot.

## BACKGROUND

BOA filed a complaint against MECI for patent infringement on August 4, 2023. ECF No. 1. The complaint alleged that MECI infringed on BOA's patents for its reel-

1

23-CV-01431-GPC-JLB

and dial-based closure systems—which are used to more easily and precisely tighten the laces or fit of a boot, shoe, or helmet—by making and selling these closure systems, including those used in some Puma and Skechers athletic shoes.  *Id.*  On October 12, 2023, MECI filed the instant Motion to Dismiss for lack of venue and personal jurisdiction pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2)-(3).  ECF No. 18-1 at 4, 8, 10.[1]  The parties then proceeded to limited discovery as to venue and personal jurisdiction.  ECF No. 21.

Following this preliminary discovery, on January 26, 2024, BOA moved for leave to file a first amended complaint, attaching a proposed amended complaint.  ECF Nos. 28, 28-2.  The allegations in the proposed complaint are substantially the same as in the original complaint, except that BOA seeks to add two Defendants, Pride Manufacturing Company, LLC ("Pride") and MacNeill Pride Group Corporation ("MPGC"), which it alleges are alter egos of MECI.  *See* ECF No. 28-13 ¶ 8 (redline version showing changes between original complaint and proposed amended complaint).  The proposed complaint also adds allegations intended to prove that the Court has personal jurisdiction over the Defendants and that venue in this district is proper.  *Id.* at 6-8.

BOA also opposed the motion to dismiss, primarily on the ground that it should be dismissed as moot due to the proposed amended complaint.  ECF No. 29 at 3.  MECI filed a reply regarding the motion to dismiss, ECF No. 32, and a response in opposition to the motion to amend the complaint, ECF No. 33.  BOA replied.  ECF No. 40.

---

[1] Page numbers reflect CM/ECF pagination.

# DISCUSSION

## I. Legal Standard

Under Rule 15(a), leave to amend a complaint more than 21 days following a Rule 12(b) motion to dismiss may be allowed by leave of the court. Fed. R. Civ. P. 15(a)(1)(B), (a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). And this standard is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052; *see also Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963) ("Rule 15 was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." (internal quotation marks and citation omitted)). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted).

## II. Analysis

Of the five factors, MECI contends solely that the amendment would be futile, arguing that venue is not proper over any of the Defendants. ECF No. 33 at 9-12. It does not mention any of the other factors—bad faith, undue delay, prejudice, and whether the plaintiff has previously amended—effectively and correctly conceding that these are in

BOA's favor. *See id.* (absence). The Court holds that amending the complaint is not futile and grants BOA's motion to amend the complaint.

"[A proposed] amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Nonetheless, courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Breier*, 316 F.2d at 790; *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *Raya v. Barka*, No. 19-CV-2295, 2020 WL 10317259, at *2 (S.D. Cal. Nov. 24, 2020). As the Ninth Circuit explained, "[i]t would be undesirable to resolve important legal questions on the basis of allegations which are incomplete[.]" *Breier*, 316 F.2d at 790. For these reasons, "denial of leave to amend on this ground is rare." *Netbula*, 212 F.R.D. at 539.

MECI argues that venue is not appropriate over any of the "proposed" Defendants, referring to MECI, Pride, and MPGC. ECF No. 33 at 10. The Court will address the futility of the proposed amendment as to each original and proposed Defendant seriatim. As an initial matter, the Court observes that whether venue is proper over MECI—the original defendant—is a question better suited for a motion to dismiss. BOA sued MECI in the original complaint, ECF No. 1 at 1, and the Court has not ruled on whether venue, as alleged in the original complaint, is proper. The adequacy of the original complaint is not an appropriate question in deciding a motion to amend. The amendment therefore cannot be futile for failing to allege venue as to MECI.

Although MECI states that "venue is not appropriate in this District for *any* of the Proposed Defendants," it does not argue that venue would be improper over Pride.[2] *Id.* at 10 (emphasis added). It does not explicitly concede venue over Pride, but instead argues that "BOA's proposed [First Amended Complaint] would be . . . subject to transfer (with respect to Pride) pursuant to 28 U.S.C. § 1404(a)." *Id.* at 10. The entirety of its substantive arguments regarding Pride discuss why the case should be transferred, arguing that under § 1404(a) the "center of gravity" of the case against Pride is not in this district. *Id.* at 12-16. But transferring a case pursuant to § 1404(a) is premised on proper venue in the court in which the case was brought. Otherwise transfer would be pursuant to 28 U.S.C. § 1406(a), the vehicle for transferring a case where venue is improper. Moreover, that another district is better suited to adjudicate a case does not suggest that adding Pride to the case is futile. Thus, the amendment is not futile for failing to allege venue as to Pride.

Finally, MECI also alleges that adding MPGC is futile because venue is not proper as to MPGC. But in addition to arguing that there is independent venue as to MPGC, the proposed amended complaint alleges that MPGC, Pride, and MECI are alter egos, and that therefore venue is proper over all of them if it is proper as to at least one of them. ECF No. 28-2 ¶¶ 8, 12 (citing *"A" Co. v. Consyne Corp.*, No. 75-0345, 1975 WL 21067, at *1 (S.D. Cal. Dec. 24, 1975)). And as discussed above, MECI effectively concedes that venue is proper as to Pride. Defendant does not address the alter ego theory, ECF No. 33 (absence), and the outcome is not obvious to the Court. Thus, without even considering the fact-based disputes about MPGC's independent venue, there appear to be a set of provable facts under the proposed amended complaint that would demonstrate

---

[2] This appears to be a strategic choice because, while the Court makes no finding, its initial review suggests that venue is proper as to Pride.

venue as to MPGC.  *See Harris*, 847 F.3d at 656.  As such, the Court cannot say that it would be futile to add MPGC as a defendant.

The Court finds that the proposed amended complaint would not be futile and that issues of venue are better resolved in a later motion to dismiss.  *See Breier*, 316 F.2d at 790 ("It [is] undesirable to resolve important legal questions on the basis of allegations which are incomplete[.]").  MECI does not dispute the other four factors courts consider on a leave to amend.  *See Johnson*, 356 F.3d at 1077 (listing the factors).  Accordingly, the Court GRANTS the Motion for Leave to File First Amended Complaint.  It therefore DENIES WITHOUT PREJUDICE MECI's Motion to Dismiss the Complaint as moot.

## CONCLUSION

Based on the above, the Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint. The proposed amended complaint shall be filed within five days of the filing of the Court's order.  The Court also DENIES WITHOUT PREJUDICE the Motion to Dismiss.

**IT IS SO ORDERED.**

Dated:  February 26, 2024

Hon. Gonzalo P. Curiel
United States District Judge